IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

Plaintiff,

vs.

No. 2:12-cv-2167 GEB GGH PS

HOLLINGSWORTH LOGISTICS, et al.,

Defendants.

ORDER

_________________________/

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that Hollingsworth Logistics discriminated against him and declined to hire him based on his age. He claims he was denied employment, but that younger, less qualified applicants were hired instead. (Compl. at 2.) His claims for "discrimination,

retaliation and unlawful blacklisting" are brought under the ADEA. In regard to the United States as a defendant, plaintiff alleges:

> Hollingsworth Logistics is a Government Contractor and or Agent doing work for the U.S.A., and is under a Government Contract. Thus, the United States must share their Agents and or Contractor's Blame and liability. I also remind the Court that the USA has a Condition of Agreement in Contract, that a Contractor must agree to allow No Discrimination whatsoever.

(Id.)

On the present record, plaintiff has stated a colorable claim for relief against defendants Hollingsworth Logistics, Mike Sansome, and San Joaquin County Work Net. Plaintiff has not stated a colorable claim for relief against the United States, however.

Under the ADEA, only employers may be subject to liability. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 67-68, 120 S.Ct. 631 (2000). "Generally, an agent or employer who may be sued as an employer in Title VII suits [and, by analogy, in ADEA suits] has been construed to be a supervisory or managerial employee to whom employment decisions have been delegated by an employer." Gallagher v. Gallagher, 130 F.Supp.2d 359, 362-63 (N.D.N.Y. 2001) (citation omitted).

> (b) The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year .... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b).

It is not clear whether the ADEA applies to the United States as an employer where plaintiff is not a covered federal employee in one of the following categories:

(a) Federal agencies affected

\\\\\

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age (except personnel actions with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units in the government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on age.

29 U.S.C. § 633a.

There is some legislative history indicating that the law was intended to cover the above listed groups of federal employees and "persons employed by contractors and subcontractors engaged in the performance of Federal Contracts." Bunch v. U.S., 548 F.2d 336, 339 n. 4 (9th Cir. 1977) (citing legislative history). It is not clear, therefore, whether the ADEA applies to the United States where plaintiff was not a covered employee listed above. In fact, such claims have been dismissed for failure to state a claim. In Leitch v. MVM, Inc., 2004 WL 1638132 (E.D. Pa. Jul. 22, 2004), plaintiff was employed by an independent government contractor to the federal government. The court relied on 29 U.S.C. § 633a to determine that such a claim can only go forward where plaintiff is an employee (or applicant for employment) with the federal government. Id. at *5.

Even if plaintiff were permitted to bring an ADEA claim against the government in spite of the aforementioned authority, plaintiff would have to show an agency or "joint-employment" relationship between Hollingsworth and the government. This exception to the requirement that defendant be a direct employer is that an entity must "so extensively control[] an aggrieved party's employment relationship as to become that party's *de facto* employer." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 574 (1st Cir. 2004).

\\\\\

In Rehabilitation Act cases which are analogous to the ADEA in some respects, the Ninth Circuit has utilized the joint-employment test to determine if an employee of an independent contractor that provides services to the government is also a federal employee. Lopez v. Johnson, 333 F.3d 959, 963 (9th Cir. 2003). See also Butterbaugh v. Chertoff, 479 F.Supp.2d 485 (W.D. Pa. 2007) (using same test in Title VII case). Plaintiff has made no such showing in this complaint as currently pled.

Furthermore, if plaintiff proceeds to name the United States in an amended complaint, he is informed that he must name the proper defendant, such as a department or agency head. See Daly v. U.S. Dept. of the Army, 860 F.2d 592, 593 (3rd Cir. 1988) (acknowledging in Title VII cases that the head of a department is the only proper defendant); Shaffer v. Peake, 2008 WL 794470, *24 (W.D. Pa. Mar. 24, 2008) (noting that rule similar to that utilized in Title VII cases has been applied in ADEA cases).

If plaintiff chooses to amend the complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, any amended complaint will be limited to **fifteen (15) pages** in length.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's claims against the United States are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the

date of service of this Order. Failure to file an amended complaint will result in a recommendation that this defendant be dismissed from this action.

3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: December 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Whitsitt2167.ifp-amd.wpd